**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA DIVISION**

**CASE NO.:**

ZACHERY MORIN, ON BEHALF
OF HIMSELF AND THOSE
SIMILARLY SITUATED,

      PLAINTIFF,

v.

OUTLAW RENTALS, INC.,
A FLORIDA PROFIT CORPORATION,
CLASSY CYCLES, INC., A FLORIDA
PROFIT CORPORATION, AND
COLLEEN SWAB, INDIVIDUALLY

      DEFENDANTS

_____/

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, ZACHERY MORIN("Plaintiff" or "MORIN") on behalf of himself and those similarly situated, by and through undersigned counsel, file this Collective Action Complaint against Defendants, OUTLAW RENTALS, INC., a Florida Profit Corporation, ("Defendant" or "OUTLAW") CLASSY CYCLES, INC., a Florida Profit Corporation, ("Defendant" or "CLASSY") and COLLEEN SWAB, individually("Defendant" or "CSWAB")(collectively, "Defendants") and states as follows:

## NATURE OF THE ACTION

1. Plaintiff, alleges on behalf of himself and on behalf of other similarly situated current and former employees of Defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendant's violations lacked a good faith basis.

2. Plaintiff seeks class-wide relief on behalf of himself, and all other similarly situated employees, who were subjected to Defendant's common and illegal pay practices and policies of failing to pay their employees proper overtime compensation for hours worked over forty (40) per workweek.

3. The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See, Billingsley v. Citi Trends Inc.,* 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

4. As non-exempt employees, Plaintiff and the putative class members are entitled to the applicable overtime wage rate for each overtime hour they suffered and permitted to work by Defendant. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'").

5. Plaintiff seeks conditional certification of the following class:

> All non-exempt hourly paid employees who worked for Defendants in Florida during the relevant limitations period were not paid full and proper overtime compensation for hours worked over forty (40) hours per workweek.

6. Plaintiff, Zachery Morin's consent to act as the Named Plaintiff and Class Representative is hereby attached as **Exhibit A.**

## II. JURISDICTION AND VENUE

7. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because at least one of Defendants maintains and transacts business in this district, and the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

### A. PLAINTIFF

10. At all times relevant hereto Plaintiff, Zachery Morin resided in this judicial district.

11. At all times relevant hereto, Plaintiff, Zachery Morin, was employed as a non-exempt hourly paid employee performing the same or similar duties as that of those other similarly situated employees whom Plaintiff observed working in excess of forty(40) hours per workweek without overtime compensation.

### B. DEFENDANTS

12. Within the relevant time period, Defendants are registered Florida companies and a Florida Resident, respectively, doing business in Panama Beach, Florida  Defendants do business in Bay County, as well as other counties in this District, where Plaintiff worked for Defendants.

13. Defendants, Outlaw, and Classy are entities in related activities through a unified operation with both under the control and ownership of Defendant, Colleen Swab.

14. Defendant, SWAB was and is an individual owner of Outlaw and

Classy during the last three (3) years and regularly engaged in related activities: (a) ran the day-to-day operations of "Outlaw and Classy"; (b) responsible for determining the schedules and hours worked by Plaintiff and other similarly situated class members; (c) determines the rates of pay to be given to Plaintiff and other similarly situated class members; (d) hiring and firing of all employees of "Outlaw and Classy"; (e) determining the course and scope of work assigned to Plaintiff and other similarly situated class members; (f) signed and personally handed out checks to employees, as well as significant day-to-day control over each Defendant, respectively.

15. At all times relevant hereto, Outlaw and Classy have maintained common offices, employees, and Registered Agents and conducted business deals throughout Florida and within this judicial district and is therefore within the jurisdiction of this Court.

16. At all times relevant hereto, Defendants have been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

17. At all times relevant hereto, Defendants have two (2) or more employees who have handled goods that moved in interstate commerce.

18. At all times relevant hereto, Defendants were Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

19. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of Defendant.

20. In light of the duties performed by Padron, Padron is defined as the term "employer" by 29 U.S.C. §203 (d), under the FLSA, and is directly, jointly and severally liable to Plaintiff and the putative class, if they prevail in this action.

21. Defendants are "joint- employers" under the FLSA by virtue of their rigorous control and unified operations. Defendants share employees or interchange employees and work in the direct interest of one another. Further, work performed by Plaintiff and the putative class, benefit each Defendant.

## STATEMENT OF FACTS

22. Defendants are Florida-based companies and a Florida resident, respectively, doing business in Bay County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

23. The Corporate Defendants are entities engaged in related activities, which perform through a unified operation, with common ownership, with a common business purpose, and administration of Defendant, SWAB.

24. The Corporate Defendants share offices, registered agents, employees, and business deals.

25. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise. Alternatively, each company is a covered enterprise under the Act.

26. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint (vertical or horizontal) employers. Alternatively, each company is a covered enterprise under the Act.

## PUTATIVE CLASS DEFINITION

27. Plaintiff seeks to conditionally certify the following putative class of employees in this lawsuit:

> All non-exempt hourly paid employees who worked for Defendants in Florida during the relevant limitations period were not paid full and proper overtime compensation for hours worked over forty (40) hours per workweek.

(hereinafter referred to as the "FLSA Collective"). Plaintiffs reserve the right to amend this definition as necessary.

## COLLECTIVE ACTION ALLEGATIONS

28. Pursuant to 29 U.S.C. §§ 206 and 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> **All non-exempt hourly employees who are or were employed by Defendants in Florida at any time since August 2020, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").**

29. Plaintiff and the other class members were all non-exempt hourly paid employees who performed the same or similar job duties as one another in that they provided services at the direction and on behalf of the Defendants.

30. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt hourly paid employees, employed by Defendants is readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

31. Defendants' policy or practice was applicable to Plaintiff and all current and former similarly situated non-exempt hourly paid employees employed by Defendants, which resulted in the non-payment of proper overtime to Plaintiff,

and which applies and continues to apply to all putative class members.

32. Defendants have acted willfully in failing to pay Plaintiff and the putative class members in accordance with the law.

33. Defendants have failed to maintain accurate records of Plaintiff and the putative class members' work hours in accordance with the law.

34. Federal law mandates that an employer is required to keep all payroll records and other records containing, among other things, for three (3) years including, but not limited to the following information:

    a.    The time of day and day of week on which the employees' work week begins;

    b.    The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

    c.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d.    The hours worked each workday and total hours worked each workweek;

    e.    The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

    f.    The total premium for overtime hours. This amount excludes the

straight-time earnings for overtime hours recorded under this section;

g. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

h. The dates, amounts, and nature of the items which make up the total additions and deductions;

i. The total wages paid each pay period; and

j. The date of payment and the pay period covered by payment.

35. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and class members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

## COUNT I

### Violation of the FLSA – Overtime Wages
*Plaintiff on behalf of himself and other similarly situated Employees*

Plaintiffs incorporate and re-allege paragraphs 1 through 35 as though set forth herein.

36. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff and the putative class members one and a half times their

regular rate of pay for all time worked in excess of forty (40) hours in a work week.

37. Defendants' FLSA violation was undertaken willfully and with reckless disregard of clearly applicable FLSA provisions.

38. Defendants directed Plaintiff and the putative class members to work, and Plaintiffs did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

39. Plaintiff and the and the putative class members were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

40. Defendants did not pay Plaintiff, and the putative class members overtime wages for all overtime hours worked in excess of forty (40) hours in individual workweeks.

41. Defendants' failure to pay Plaintiff and the putative class members overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

42. Defendants failed to keep adequate records of Plaintiff and the putative class members' work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

43. Plaintiff and the putative class members are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because the

Defendants' violation of the FLSA was willful.

44. Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, Defendants operated as organizations that sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Defendants obtained and solicited funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and the putative class, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

45. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The

Corporate Defendants are a vehicle beach rental company and, through their business activity, affect interstate commerce. Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a non-exempt hourly paid employee for Defendants' businesses.

46. The Corporate Defendants are joint employers of Plaintiff and those similarly situated. The business operations of the Corporate Defendants are intertwined; they share employees and resources. Plaintiff performed work under the umbrella of all Corporate Defendants.

47. While employed by the Corporate Defendants, Plaintiff worked over Forty (40) or more hours per workweek without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a "non-exempt hourly paid employee performing the same or similar duties as that of those other similarly situated employees whom Plaintiff observed working in excess of forty (40) hours per workweek without proper overtime compensation.

48. Plaintiff worked for the Corporate Defendants from approximately March 2023 through May 2023, all within the three (3) years from the filing of the instant action.

49. The Corporate Defendants paid Plaintiff $20.00 per hour for the

scheduled number of hours, not the actual hours worked by Plaintiff in any given workweek.

50. During his employment with Defendants, Plaintiff routinely worked in excess of forty (40) hours per workweek. The Corporate Defendants failed to pay the plaintiff premium overtime pay for all hours worked over forty (40), instead only paying him straight time for his overtime hours worked.

51. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from three (3) years back from the date of the filing of the instant action.

52. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

53. Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of the Collective Action Members, respectfully requests judgment against Defendants and prays that this Court grant the following relief:

    a.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency;

    b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    c.    An injunction against defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    d.    Find that Defendant's violation of the FLSA was willful and impose a three-year statute of limitations period for FLSA claims;

    e.    Award Plaintiff and all non-exempt piece-rate/commission paid laborers unpaid overtime compensation;

    f.    An award of liquidated damages as a result of defendant's willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

    g.    Compensation for illegal deductions from pay;

    m.    An award of prejudgment and post judgment interest;

    n.    An award of costs and expenses of this action together with reasonable attorneys' fees; and

o. Such other, further, and different relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

Dated this 7th day of August 2023.

Respectfully submitted,

***/s Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
**noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA DIVISION

CASE NO.:

ZACHERY MORIN, ON BEHALF
OF HIMSELF AND THOSE
SIMILARLY SITUATED,

      PLAINTIFF,

v.

OUTLAW RENTALS, INC.,
A FLORIDA PROFIT CORPORATION,
CLASSY CYCLES, INC., A FLORIDA
PROFIT CORPORATION, AND
COLLEEN SWAB, INDIVIDUALLY

      DEFENDANTS
_____/

**CONSENT TO BECOME PARTY PLAINTIFF**

I, _____Zachery Morin_____, consent to become the party plaintiff in the above-styled Lawsuit.

Date: _____08/04/2023_____

Signature: ___[signature]_____

Print: _____Zachery Morin_____